IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

DENNIS THOMPSON,

        Plaintiff,

v.

GENON ENERGY SERVICES, LLC, et al.,

        Defendant.

NO. C13-0187 TEH

ORDER RE MARCH 4 HEARING

    This case will come before the Court on March 4, 2013, on Plaintiff's motion to remand to state court. Defendants argue that this Court has diversity jurisdiction based on the fraudulent joinder of two individual in-state defendants. The Court now orders the parties to be prepared to address the following questions at oral argument:

1) The Ninth Circuit has stated that:

> [W]hen, on a motion to remand, a showing that compels a holding that there is no reasonable basis for predicting that state law would allow the plaintiff to recover against the in-state defendant necessarily compels the same result for the nonresident defendant, there is no improper joinder; there is only a lawsuit lacking in merit. In such cases, it makes little sense to single out the in-state defendants as "sham" defendants and call their joinder improper.

*Hunter v. Philip Morris USA*, 582 F.3d 1039, 1044 (9th Cir. 2009) (quoting *Smallwood v. Illinois Central R.R. Co.*, 385 F.3d 568, 574 (5th Cir.2004) (en banc)). Should this analysis be applied here?

2) Do Defendants' arguments regarding exhaustion (§ III.B.), preemption of privacy claims (§ III.D.), and failure to state a claim for privacy violations (§ III.E.) apply to all of the defendants, including out-of-state defendants? If so, does *Hunter* suggest that these arguments are improperly cloaked as fraudulent joinder arguments?

If the parties wish to file supplemental briefs on this issue, they shall file any such briefs of no more than five pages in length by **Thursday, February 28 at 12:00 pm.**

**IT IS SO ORDERED.**

Dated: 2/22/13

_____
THELTON E. HENDERSON, JUDGE
UNITED STATES DISTRICT COURT