IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

DENNIS THOMPSON,

    Plaintiff,

v.

GENON ENERGY SERVICES, LLC, et al.,

    Defendant.

NO. C13-0187 TEH

ORDER GRANTING MOTION TO REMAND

This case came before the Court on March 4, 2013, on Plaintiff's motion to remand to state court. Defendants argue that this Court has diversity jurisdiction based on the fraudulent joinder of two individual in-state defendants. Having carefully considered the parties' oral and written arguments, the Court now finds that Defendants have failed to meet their burden to show fraudulent joinder and accordingly REMANDS this action to the Contra Costa Superior Court.

**BACKGROUND**

Plaintiff Dennis Thompson filed this action in state court against his former employer, Genon Energy Services, several related entities, and two individual defendants – Michael Montany and Carl Balke – both of whom were Plaintiff's supervisors and both of whom are California residents. Plaintiff worked as a power plant technician at an electrical generating facility from 2001 until 2011. He alleges that after he began to report unsafe working conditions, there was an escalating series of conflicts in which Defendants Genon, Balke, and Montany retaliated against him for making the safety complaints. Amended Complaint ("A/C") ¶¶ 15-45. The retaliation culminated, according to the Amended Complaint, on April 3, 2011, when Genon personnel held an early morning meeting in Plaintiff's absence.

*Id.* ¶ 45. After the meeting, Defendant Montany sent an email entitled "Employee Termination Notice" to "all" employees which stated that Plaintiff had been terminated, was not allowed on company property, and that employees should contact supervision immediately if Plaintiff tried to enter any Genon facility. *Id.* By doing this, Plaintiff alleges, Genon effectively forced Plaintiff to quit his job. *Id.* ¶ 48.

Plaintiff brought six state law causes of action in state court, including claims for retaliation, wrongful discharge, and privacy violations caused by the email. After Plaintiff amended his complaint, Defendants removed this action to federal court, arguing that the two individual, in-state defendants were joined fraudulently and should be ignored for purposes of determining diversity of citizenship. The motion to remand concerns only the three causes of action brought against the in-state defendants: Plaintiff's first cause of action for Retaliation for Complaints about Unsafe Work Conditions under California Labor Code § 6310; Plaintiff's fifth cause of action for a generic violation of the right to privacy; and Plaintiff's sixth cause of action for a violation of Plaintiff's right to privacy by publicity placing him in a false light. Each of these three causes of action is stated against all Defendants, in-state and out-of-state. Plaintiff argues that Defendants fail to meet their "heavy burden" to show fraudulent joinder, in the absence of which this Court has no jurisdiction. *Marble v. Organon USA, Inc.*, C 12-02213 WHA, 2012 WL 2237271, at *6 (N.D. Cal. June 15, 2012).

**LEGAL STANDARD**

28 U.S.C. § 1332(a) provides for federal court jurisdiction based on diversity of citizenship. "Although an action may be removed to federal court only where there is complete diversity of citizenship, 28 U.S.C. §§ 1332(a), 1441(b), one exception to the requirement for complete diversity is where a non-diverse defendant has been 'fraudulently joined.'" *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1043 (9th Cir. 2009) (quoting *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001)) (internal quotation marks omitted).

2

Fraudulent joinder is a "term of art." *McCabe v. General Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987). Joinder of a non-diverse defendant is deemed fraudulent "if the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state." *Morris,* 236 F.3d at 1067 (internal quotation marks, brackets, and citation omitted). In such cases, the court may ignore the presence of the non–diverse defendant for purposes of determining diversity. *Id.* "The party seeking removal bears a heavy burden of proving that the joinder of the in-state party was improper." *Hunter*, 582 F.3d at 1044 (internal quotation marks, brackets and citations omitted). Further, "Because this must be based on the state's 'settled rules,' the Court is also required to resolve all ambiguities of state law in the non-removing party's favor." *Wason v. Am. Int'l Group, Inc.,* 09CV2752-LAB CAB, 2010 WL 1881067, at *1 (S.D. Cal. May 6, 2010) (citations omitted); *see also Hunter*, 582 F.3d at 1042. A defendant is entitled to present facts outside the pleadings to show the joinder to be fraudulent. *Morris*, 236 F.3d at 1068.

Ordinarily, courts do not consider non-diverse defendants' defenses on the merits of a claim in determining whether joinder was fraudulent. *Hunter,* 582 F.3d at 1045 (federal preemption defense went to the merits, not to whether joinder was fraudulent, and therefore was not a basis for attacking joinder); *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1319 (9th Cir. 1998) (statute of limitations defense did "not truly go to the merits of the plaintiff's claim in any sense" and therefore could serve as defense for fraudulent joinder purposes). "In other words, when the defense is exogenous to the cause of action itself, it will not turn a state action into a federal one." *Id.*

"[I]if there is any possibility that the state law might impose liability on a resident defendant under the circumstances alleged in the complaint, the federal court cannot find that joinder of the resident defendant was fraudulent, and remand is necessary." *Florence v. Crescent Res., LLC*, 484 F.3d 1293, 1299 (11th Cir. 2007), *quoted in Hunter*, 582 F.3d at 1044. "'[A] summary inquiry is appropriate only to identify the presence of discrete and undisputed facts that would preclude plaintiff's recovery against the in-state defendant . . . the inability to make the requisite decision in a summary manner itself points to an inability

3

of the removing party to carry its burden.'" *Hunter*, 582 F.3d at 1044 (quoting *Smallwood v. Illinois Central R.R. Co.*, 385 F.3d 568, 573-74 (5th Cir. 2004) (en banc)).

**DISCUSSION**

Defendants raise two principal arguments as to why Plaintiff's labor code retaliation claim against the in-state defendants (first cause of action) obviously fails under settled state law.[1]

1. Failure to Exhaust

Defendants first argue that Plaintiff's cause of action for retaliation under California Labor Code § 6310 fails as against the in-state defendants because Plaintiff failed to exhaust his administrative remedies. *See* Opp'n at 4-7.

As an initial matter, the Court notes that this claim is brought against all Defendants, in-state and out-of-state, and that the defense of failure to exhaust applies with equal force to the claims against the out-of-state defendants as it does to the claims against the in-state defendants. Under *Hunter*, the argument is thus improperly cloaked as an attack on the joinder of the in-state defendants; rather, it should have been brought as a challenge to the merits of the claim in state court. *See Hunter,* 582 F.3d at 1044 ("[W]hen . . . a showing that compels a holding that there is no reasonable basis for predicting that state law would allow the plaintiff to recover against the in-state defendant necessarily compels the same result for the nonresident defendant, there is no improper joinder; there is only a lawsuit lacking in merit." (quoting *Smallwood,* 385 F.3d at 574)); *see also Boyer v. Snap-on Tools Corp.*, 913 F.2d 108, 113 (3d Cir. 1990) ("where there are colorable claims or defenses asserted against or by diverse and non-diverse defendants alike, the court may not find that the non-diverse parties were fraudulently joined based on its view of the merits of those claims or defenses.

---

[1] Because the Court concludes that Defendants fail to show fraudulent joinder with regard to this claim, the Court need not reach Defendants' arguments as to the viability of Plaintiff's other claims against in-state defendants.

4

Instead, that is a merits determination which must be made by the state court."); *Caouette v. Bristol-Myers Squibb Co.*, C 12-1814 EMC, 2012 WL 3283858, at *4-*5 (N.D. Cal. Aug. 10, 2012).

But even were this not so, Defendants fail to show that there is no possibility that a state court would allow an unexhausted claim to proceed under Labor Code § 6310. The weight of California case law, as well as district court decisions interpreting the California cases, have found that exhaustion to the Labor Commissioner is required under California Labor Code § 98.7, despite its permissive language.[2] *See Campbell v. Regents of Univ. of California*, 35 Cal. 4th 311, 321, 333–34 (2005) (holding generally that "where an administrative remedy is provided by statute, relief must be sought from the administrative body and this remedy exhausted before the courts will act" without explicitly addressing exhaustion before the Labor Commissioner under § 98.7); *Ferretti v. Pfizer Inc.*, 855 F. Supp. 2d 1017, 1024 (N.D. Cal. 2012) (district courts have "uniformly" held since *Campbell* that exhaustion to the Labor Commissioner is required under § 98.7; collecting cases); *Ramirez v. County of Marin*, C 10-02889 WHA, 2011 WL 5080145, *8 (N.D. Cal. Oct. 25, 2011) (exhaustion of § 6310 claims required). However, some courts have gone the other way and found that *Campbell*'s reasoning did not apply in the present context, most notably the California Court of Appeal in *Lloyd v. County of Los Angeles*, which found "no reason . . . to impose an administrative exhaustion requirement on plaintiffs seeking to sue for Labor Code violations." 172 Cal. App. 4th 320, 332 (2009); *see also Creighton v. City of Livingston*, CV-F-08-1507 OWW/SMS, 2009 WL 3246825, at *12 (E.D. Cal. Oct. 7, 2009) ("No California decision requires as a prerequisite to suit for statutory violation of the Labor Code exhaustion of administrative remedies before the Labor Commissioner"); *Turner v. City & County of San Francisco*, C 11-1427 EMC, 2012 WL 3763635, at *7-*11 (N.D. Cal. Aug. 29, 2012) (finding *Lloyd* and *Creighton*'s reasoning persuasive).

---

[2] The statute reads in part: "Any person who believes that he or she has been discharged . . . in violation of any law under the jurisdiction of the Labor Commissioner *may* file a complaint with the division within six months after the occurrence of the violation." Cal. Labor Code § 98.7(a) (emphasis added).

5

Thus, it can hardly be said that it is "*obvious* according to the *settled* rules of the state" that Plaintiff's unexhausted claim would fail in a California court. *McCabe*, 811 F.2d at 1339 (emphasis added). Indeed, a California court would be well within its bounds to follow *Lloyd*, a published appellate decision following *Campbell* and expressly finding that exhaustion was *not* required under § 98.7. Applying this "strong presumption against removal jurisdiction," *Hunter*, 582 F.3d at 1042, the Court finds Defendants' exhaustion argument unavailing.

2. Section 6310 Claims Against Individual Defendants

Second, Defendants argue that Plaintiff's retaliation claim obviously fails against the in-state supervisor-defendants because settled state law does not permit actions under Labor Code § 6310 to proceed against individual, non-entity defendants. *See* Opp'n at 7-10. In support of their position, Defendants cite no California cases interpreting § 6310 but numerous cases interpreting various other provisions of California labor and discrimination law. *See, e.g., Jones v Lodge at Torrey Pines*, 42 Cal. 4th 1158, 1167 (2008) (no personal liability for nonemployer individuals under § 12940 of the California Fair Employment and Housing Act ("FEHA")); *Reno v. Baird*, 18 Cal. 4th 640, 643 (1998) (same and no individual liability in common law actions for wrongful discharge); *Martinez v. Combs*, 49 Cal. 4th 35, 49 (2010) (no individual supervisor liability under Labor Code § 1194 for non-payment of wages). Defendants rely on these cases as controlling interpretation of the word "employer" for purposes of apparently any and all sections of the California Labor Code. They also seek to have this Court apply the policy reasoning outlined by the California Supreme Court in *Jones* in favor of safeguarding supervisors against liability, lest their decision-making ability be hampered. *See* 42 Cal. 4th at 1165-68.

Having looked at the parties' cases, the Court declines, on a motion to remand, to divine how the California courts would handle the question of individual liability under § 6310, even if the great weight of the case law considering other labor and discrimination provisions reserves liability for the employer. Plaintiff's § 6310 claim is a statutory claim,

6

1 governed by the language of the statute where, as here, the California courts have not
2 provided a gloss on that language. Section 6310(a) provides that "No *person* shall discharge
3 or in any manner discriminate against any employee because the employee has done any of
4 the following . . . ." (emphasis added). Section 6310(b) then provides that "Any employee
5 who is discharged . . . or . . . discriminated against in the terms and conditions of employment
6 *by his or her employer* because the employee has made a bona fide oral or written complaint .
7 . . of unsafe working conditions, . . . shall be entitled to reinstatement and reimbursement for
8 lost wages and work benefits caused by the acts of *the employer*." Cal. Labor Code §
9 6310(b) (emphasis added).

10      None of the provisions considered in the cases Defendants cite have this structure.
11 *See, e.g., Martinez*, 49 Cal. 4th at 49 (concluding, where statute silent as to who can be held
12 liable: "That only an employer can be liable [for non-payment of wages under Cal. Labor
13 Code § 1194], . . . seems logically inevitable as no generally applicable rule of law imposes
14 on anyone other than an employer a duty to pay wages."). Here, by contrast, generally
15 applicable rules of law *do* impose on individuals the obligation not to retaliate. Indeed,
16 subsection (a) expressly imposes such an obligation: no *person* shall discharge or
17 discriminate against an employee because the employee complains about safety. Cal. Labor
18 Code § 6310(a).

19      Simply put, Defendants' cases do not prove that it is obvious under the settled law of
20 California that an action cannot proceed against individual supervisors under Labor Code §
21 6310. Defendants provide no law of California interpreting this provision, much less
22 "settled" law. *Accord Boone v. Carlsbad Cmty. Church*, 08-CV-0634 W(AJB), 2008 WL
23 2357238, at *7 (S.D. Cal. June 6, 2008) ("Although one can imagine circumstances where
24 *Jones'* policy arguments might apply equally to California Labor Code section 6310, at this
25 time the Court is not prepared to interpret *Jones* as precluding all individual liability for all
26 retaliation-type claims, wherever they might be found in the California Codes" (footnote
27 omitted)). While the policy arguments in the California cases may be powerful, relevant –
28 even persuasive – it "clearly would be inappropriate for this court in the context of a motion

7

for remand to examine California public policy and determine whether California courts would be willing" to apply these arguments in ways in which they have not yet done so. *Briano v. Conseco Life Ins. Co.,* 126 F. Supp. 2d 1293, 1297 (C.D. Cal. 2000) (citing *McCabe,* 811 F.2d at 1339).

The Court therefore finds that Defendants fail to meet the "heavy burden required to justify removal based on fraudulent joinder," *Marble,* 2012 WL 2237271, at *6, in the absence of which this Court lacks jurisdiction and must remand the action. Because any opinion this Court might provide on the merits of Plaintiff's privacy claims would be purely advisory, the Court declines to reach those claims.

**CONCLUSION**

For the reasons set forth above, the motion to remand is GRANTED. Defendants' motion to dismiss is deemed moot without prejudice to renewal by way of a demurrer on remand. The Clerk shall remand this action to the Contra Costa Superior Court.

**IT IS SO ORDERED.**

Dated: 3/12/13

_____

THELTON E. HENDERSON, JUDGE
UNITED STATES DISTRICT COURT